IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05cv339-T |
| | ) | WO |
| MELVIN STARKS | ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. 7) addressing the claims presented by the movant, Melvin Starks, in his 28 U.S.C. § 2255 motion. In its response, the government argues that Starks's claim that he was illegally convicted of a separate conspiracy not charged in the indictment is procedurally barred because the claim was raised and disposed of on direct appeal. *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). The government further argues that Starks's claim that the trial court, in making its sentencing determinations, miscalculated the amount of cocaine attributable to him is procedurally barred because the claim was not raised on direct appeal. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994). In addition the government argues that Starks's claim that his resentencing violated *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), is not cognizable by this court because *Booker* is not retroactive to cases on collateral review. *See In re Anderson*, ___ F.3d ___, 2005 WL 123923 (11th Cir. Jan. 21, 2005). Finally, the government argues that the claims of ineffective assistance of counsel presented by Starks are without factual support and rest on allegations that fail to establish either deficient performance or prejudice within the meaning

of *Strickland v. Washington*, 466 U.S. 668 (1984).

A procedural default bars consideration of the merits of a claim unless the movant "can show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors." *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990); *see also Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). However, even if the movant fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a movant's federal constitutional claim where the movant is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Accordingly, it is

ORDERED that on or before June 9, 2005, Starks may file a reply to the response filed by the United States. Any documents or evidence filed after this date will not be considered by the court except upon a showing of exceptional circumstances. At any time after June 8, 2005, the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the motion as justice dictates." Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

Starks iis instructed that when responding to the assertions contained in the government's response, he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts that demonstrate that Starks is entitled to

relief on the grounds presented in his § 2255 motion.  If documents that have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them.  When Starks attacks the government's response by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials.  *See* Rule 7, *Rules Governing Section 2255 Proceedings in the United States District Courts*.  Starks is advised that upon expiration of the time for filing a response to this order, the court will proceed to consider the merits of the pending § 2255 motion pursuant to Rule 8(a).

Done this 23rd day of May, 2005.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE