IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | Civil Action No. 2:05cv339-MHT |
| | ) | (WO) |
| MELVIN STARKS | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This matter is before the court on a motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255.  On July 22, 1996, a jury found the movant, Melvin Starks ("Starks"), guilty of conspiracy to possess with intent to distribute narcotics, in violation of 21 U.S.C. §§ 846 and 841(a)(1).[1]  On October 3, 1996, the court sentenced Starks to life imprisonment.

Starks appealed, raising the following issues:

1. Whether his conviction should be reversed because the government offered several of the witnesses who testified against him downward departures on their sentences in exchange for their testimony?

2. Whether there was sufficient evidence to support his conviction for conspiracy to possess with intent to distribute narcotics?

3. Whether the trial court erred in determining the quantity of drugs attributable to him for sentencing purposes?

*See United States v. Talley*, 273 F.3d 396 (11th Cir. Jul. 31, 2001) (unpublished opinion, No.

---

[1] The drug conspiracy alleged in the indictment included heroin, marijuana, cocaine, and cocaine base.  Starks was one of 21 defendants named in the multi-count indictment.

96-6958).

On July 31, 2001, the Eleventh Circuit Court of Appeals affirmed Starks's conviction but vacated his sentence and remanded the cause to the district court for resentencing. *See United States v. Talley*, 273 F.3d 396 (unpublished opinion, No. 96-6958), *rehearing and rehearing en banc denied*, 275 F.3d 49 (11th Cir. 2001) (unpublished opinion, No. 96-6958-II). The Court of Appeals specifically determined that, although there was insufficient evidence from which a reasonable jury could convict Starks of being involved in a larger drug conspiracy involving multiple controlled substances, ample evidence existed to find him guilty of a separate, lesser conspiracy to distribute cocaine. *Id.* After concluding that Starks was not substantially prejudiced by the variance between the conspiracy charged in the indictment and the conspiracy proved at trial, the Court of Appeals held that Starks's conviction for conspiracy must stand. *Id.* However, because the district court, for sentencing purposes, had attributed to Starks the drugs from the larger conspiracy, the Court of Appeals remanded with directions that Starks be resentenced based on the quantity of cocaine attributable to him for his participation in the lesser conspiracy. *Id.*

On February 12, 2003, the district court resentenced Starks to 188 months' imprisonment. *See Amended Judgment in a Criminal Case* (Doc. No. 1293 in Case No. 2:95cr202). Starks appealed his resentencing, arguing that, because he was indicted on conspiracy to distribute multiple drugs and was convicted on a general verdict, the district court was required to sentence him based on marijuana, the drug with the lowest maximum statutory penalty. The Eleventh Circuit, however, rejected Starks's argument and affirmed his new sentence. *See United States v. Starks*, 103 Fed.Appx. 665 (11th Cir. Apr. 12, 2004)

(unpublished opinion, No. 03-11073).

On April 8, 2005,[2] Starks filed this § 2255 motion (Doc. No. 1), asserting the following claims:

1. His counsel rendered ineffective assistance during "the post-appeal process" by failing to argue that the Court of Appeals' determination that he was guilty of a separate, lesser conspiracy to distribute cocaine violated his Fifth Amendment rights under the Double Jeopardy Clause and Grand Jury Clause, his Sixth Amendment right to a jury trial, and the provisions of Article II, § 3 of the Constitution.

2. His counsel rendered ineffective assistance by failing to challenge the district court's calculation of the drug quantity attributed to him at resentencing.

3. His sentence is illegal under *United States v. Booker*, 543 U.S. 220 (2005).

The government responded to Starks's § 2255 motion, asserting that he is entitled to no relief because his claims are either procedurally barred or without merit. (Doc. No. 7.) Starks was afforded an opportunity to respond to the government's submission and has done so. (Doc. No. 9.) After due consideration of the § 2255 motion, the submissions supporting and opposing the motion, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

## II. DISCUSSION

---

[2]Although the motion was date-stamped "received" in this court on April 12, 2005, under the "mailbox rule," the court deems the motion filed on the date Starks delivered it to prison authorities for mailing, presumptively, April 8, 2005, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

**A.      Ineffective Assistance of Counsel**

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. To succeed on a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test set by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The *performance* prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The *prejudice* prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense. *Id*. at 687.

Under the performance component of the *Strickland* inquiry, a movant must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687).

Under the prejudice component of *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice component of *Strickland* focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Id*. at 687.

"Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

Unless a movant satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id.* at 697 (A court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one."); *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.... Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).

### 1. Failure to Challenge Court of Appeals' Determination of Guilt as to Separate, Lesser Conspiracy

Starks contends that his counsel rendered ineffective assistance during "the post-appeal process" by failing to argue that the Court of Appeals' determination that there was sufficient evidence to sustain his conviction for a separate, lesser conspiracy to distribute cocaine

5

violated his Fifth Amendment rights under the Double Jeopardy Clause and Grand Jury Clause, his Sixth Amendment right to a jury trial, and the provisions of Article II, § 3 of the Constitution.[3] (Doc. No. 1 at 21-32.) In this regard, Starks maintains that counsel should have argued in a petition for rehearing and suggestion for rehearing en banc that the Court of Appeals' determination that there was insufficient evidence to support his conviction for involvement in a larger drug conspiracy involving multiple controlled substances operated as an acquittal of the conspiracy count charged in the indictment, which triggered double jeopardy protections and barred the appellate court from finding that he was guilty of a separate, lesser conspiracy to distribute cocaine. (*Id*. at 21-23.) Starks maintains that his counsel should also have argued that the Court of Appeals' determination that he was guilty of the separate, lesser conspiracy "impermissibly intruded into the province of the grand jury," because he was convicted of a conspiracy that was "never charged by the grand jury that returned the indictment against [him]." (*Id*. at 24.) Likewise, Starks contends that counsel should have argued that his "conviction on a separate conspiracy that was not charged in the indictment [and] was not proved and decided by the jury beyond a reasonable doubt impermissibly intruded into the province of [his] Sixth Amendment right to a jury trial." (*Id*. at 30.) Finally, Starks maintains that his counsel should have argued that the Court of Appeals' finding that he was guilty of the separate, lesser conspiracy "intruded into the province of the Executive Branch, in violation of Article II, § 3 of the United States

---

[3]Starks asserts this claim for relief as several separately numbered grounds in his motion. (*See* Doc. No. 1, *Claims 1-4*, at 21-32.) For organizational and analytical purposes, the court's Recommendation condenses his separately asserted grounds into a single claim for relief.

6

Constitution," by usurping prosecutorial authority regarding which charges to bring against a defendant. (*Id*. at 27.)

Although framed as allegations of counsel's ineffectiveness, Starks's arguments, at bottom, call upon this court to review the correctness of a ruling by the Court of Appeals. Starks's allegations of ineffective assistance are all premised on his contention that the Court of Appeals could not do what it did when it ruled that, because there was sufficient evidence to sustain Starks's conviction for a separate, lesser conspiracy to distribute cocaine and the variance between the indictment and the proof at trial did not substantially prejudice Starks, his conviction for conspiracy must stand. However, it is beyond the purview of this court to review rulings by the Court of Appeals. *See Butcher v. United States*, 368 F.3d 1290, 1299-1300 (11th Cir. 2004) (district court may not grant § 2255 relief that is inconsistent with the law of the case established by the appellate court's decision); *see also United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005) (the law of the case doctrine "bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case").

Moreover, putting aside for a moment the impediment to this court's consideration of issues foreclosed by the Court of Appeals' decision in Starks's direct appeal, this court finds no merit in the substantive claims that underlie Starks's allegations of his counsel's ineffectiveness. In order to justify reversal of a conviction based on a variance where a single conspiracy is charged but the evidence at trial shows multiple conspiracies, it is necessary that the variance substantially prejudiced the defendant. *See United States v. Coy*, 19 F.3d 629, 634-35 (11th Cir. 1994); *United States v. Reed*, 980 F.2d 1568, 1583 (11th Cir. 1993); *see also*

7

*Berger v. United States*, 295 U.S. 78, 81-82 (1935) ("The true inquiry ... is not whether there has been a variance ... but whether there has been such a variance as to 'affect the substantial rights' of the accused."). In support of its conclusion that the variance between the indictment and the proof at trial did not substantially prejudice Starks, the Court of Appeals found that the allegations in the indictment charging Starks with conspiracy adequately notified him of the government's accusations so that he was not unfairly surprised by the evidence presented at trial. *See United States v. Talley*, 273 F.3d 396 (11th Cir. Jul. 31, 2001) (unpublished opinion, No. 96-6958). In addition, the Court of Appeals found that "the jury's verdict indicates that it was very conscientious not only in distinguishing between defendants, but also in distinguishing between the multiple charges against the individual defendants." *Id*. Thus, there is no merit in Starks's argument that his conviction for the separate, lesser conspiracy was for a crime that was never charged by the grand jury, alleged in the indictment, or passed on by the petit jury. As such, Starks shows no violation of his Fifth Amendment rights under the Grand Jury Clause[4] or his Sixth Amendment right to a jury trial. Nor is there merit in Starks's contention that the mere fact of a variance between the indictment and the proof presented at trial operated to acquit him of any conspiracy included in the charges in the indictment. Thus, Starks's conviction for the separate, lesser conspiracy does not violate the Fifth Amendment's Double Jeopardy Clause. Finally, Starks fails to show how the Court of Appeals' finding that he was guilty of the separate, lesser conspiracy usurped prosecutorial authority and "intruded into the province of the Executive Branch" in

---

[4]A variance violates the grand jury guarantee of the Fifth Amendment "only when the defendant can demonstrate prejudice." *United States v. Attanasio*, 870 F.2d 809, 817 (2nd Cir.1989).

violation of Article II, § 3 of the Constitution. Accordingly, this court concludes that Starks has failed to show that his counsel's failure to raise these claims during "the post-appeal process" was objectively unreasonable and prejudiced his case. *See Strickland v. Washington*, 466 U.S. 668, 687-89 (1984). Therefore, he is entitled to no relief based on such claims.

### 2. Failure to Challenge Drug Quantity at Resentencing

Starks contends that his counsel rendered ineffective assistance by failing to challenge the district court's calculation of the drug quantity attributed to him at resentencing. (Doc. No. 1, *Claim 5*, at 32-35.) Specifically, Starks asserts that his counsel failed to preserve an objection to the district court's determination that he should be resentenced for 124 kilograms of cocaine rather than 24 kilograms of cocaine. (*Id.*) Starks's claim, however, is not supported by the record, which reflects that his counsel did argue strenuously at resentencing that Starks should be held accountable for only 24 kilograms of cocaine and did object to the district court's determination that 124 kilograms of cocaine were attributable to Starks. (*See Resentencing Transcript* - Vol. 2 - at 29-35, 48, 59.) Thus, this claim is meritless.

Should Starks also be suggesting that his counsel was ineffective for failing to pursue this issue in the Eleventh Circuit, he still has shown no basis for relief. The district court based its determination of drug quantity on testimony indicating that Starks trafficked in cocaine in amounts of up to 4 kilograms for a 36-month period. (*Resentencing Transcript* - Vol. 2 - at 50.) Starks presents no argument, and points to no evidence, tending to show that the district court's determination in this regard was erroneous. Rather, he is content to allege error without demonstrating a factual basis to support the claim. Accordingly, the court concludes that Starks has failed to show that his counsel's performance was objectively

9

unreasonable and that he was prejudiced by that performance. *See Strickland v. Washington*, 466 U.S. 668, 687-89 (1984). Therefore, he is entitled to no relief based on this claim.

**B.     *Booker* Claim**

Starks contends that his sentence is illegal under *United States v. Booker*, 543 U.S. 220 (2005), because it was based on facts as to drug quantity that were found by the district court that were not submitted and proved to a jury beyond a reasonable doubt.[5] (Doc. No. 1, *Claim 6*, at 35-37.) Starks's *Booker* claim is foreclosed because the Eleventh Circuit has held that *Booker* is not retroactively applicable to cases on collateral review.[6] *See Varela v. United States*, 400 F.3d 864, 866-67 (11th Cir. 2005); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005). Accordingly, Starks is not entitled to any relief based on this claim.[7]

## III. CONCLUSION

---

[5] In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury. *See* 543 U.S. at 231-45. As a remedy in *Booker*, the Court rendered the Federal Sentencing Guidelines "effectively advisory." *Id*. at 259.

[6] *Booker* was decided on January 12, 2005. As indicated above, Starks's resentencing took place on February 12, 2003, and the Eleventh Circuit affirmed the new sentence on April 12, 2004. *See United States v. Starks*, 103 Fed.Appx. 665 (11th Cir. Apr. 12, 2004) (unpublished opinion, No. 03-11073). Starks did not file a petition for certiorari in the Supreme Court seeking review of that judgment. When a defendant does not file a petition for certiorari with the United States Supreme Court, a conviction becomes final upon expiration of the 90-day period for seeking certiorari review. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002). Thus, Starks's conviction became final several months before *Booker* was decided.

[7] To the extent that Starks might suggest that his counsel was ineffective for failing to raise a claim that his sentence violated *Booker*, such a claim is without merit. An attorney's failure to anticipate a change in the law does not constitute ineffective assistance of counsel. *See United States v. Ardley*, 273 F.3d 991, 992 (11th Cir. 2001); *Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991). This "rule applies even if the claim based on anticipated changes in the law was reasonably available at the time counsel failed to raise it." *Ardley*, 273 F.3d at 993 (citing *Pitts*, 923 F.2d at 1572-74).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Starks be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before June 11, 2007.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 29th day of May, 2007.

                                             /s/Charles S. Coody
                                             CHARLES S. COODY
                                             CHIEF UNITED STATES MAGISTRATE JUDGE